{¶ 37} I agree with the majority the Board of Zoning Appeals has sole authority and jurisdiction to approve or reject requests for variances, and I agree the Board did not have jurisdiction to approve a lot split by means of a variance, because lot splits are solely within the jurisdiction of the Planning Commission. Despite this finding, the majority affirms the Board's decision. I disagree with this conclusion.
 {¶ 38} The Board's statutory jurisdiction allows it to grant variances from existing zoning, but here, the Board granted two essentially conditional variances in anticipation of approval from the City Planning Commission. The City Planning Commission could very well disapprove the Smiths' proposed split or approve it only if changes were made, such as where the new property line is drawn. This could in turn change what variances the Smiths would need from the setback and frontage requirements, or could even change the Board's decision to grant the variances. The Board may only consider parcels as they currently exist, to which the present zoning actually applies.
 {¶ 39} I find the Board's decision on the proposed lot split was outside its jurisdiction and its review of the request for the other two variances premature at best. I find the Smiths should have first secured permission from the Planning Commission to split the lot before the Board of Zoning Appeals could approve any variances applicable to the two new lots. I would find the common pleas court erred in affirming the Board's decision.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to Appellant. *Page 1